United States District Court
Southern District of New York
-------------------------------------------------------------------X
Tobias Mitchell,

                            Plaintiff,                                    Amended Complaint[1]

         -against-                                                    Jury Trial Demanded

PO "John" Rodriquez, 40th Pct., PO "John" Maldonado              14CV4742 (NRB)
15057, 40th Pct., PO Rodriguez 14964, 40th Pct., PO "John"
McKenith, 40th Pct., Sgt. John Doe 1-6, 40th Pct.,
PO John Doe 5-10, Supervising Police Officer
John Doe 11-14 , Deputy Inspector Elias J. Nikas,
PO John Doe 1, 40th Pct., The City of New York,

                            Defendants.
-------------------------------------------------------------------X

**NOW COME** the Plaintiff, **TOBIAS MITCHELL,** by and through his attorney, **D.
Andrew Marshall, Esq.** for his Complaint against the Defendants, respectfully shows
to this Court and allege:

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of
       plaintiff's rights under the Constitution of the United States.

## VENUE AND JURISDICTION

2.     That jurisdiction is founded upon the existence of a Federal Question.

3.     This is an action to redress the deprivation under color of statute, ordinance,
       regulation, custom or usage of a right, privilege, and immunity secured to
       Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the
       Constitution of the United States, 42 U.S.C. §1983 and arising under the laws
       and statutes of the State of New York.

---

[1] "October 10, 2011" is changed to "October 11, 2011" in ¶42-45 to reflect the accurate date of said event.

4.   That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being

an action authorized by law to redress the deprivation under color of statute,

ordinance, regulation, custom or usage of a right, privilege, and immunity

secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the

Constitution of the United States, 42 U.S.C. §1983 and arising under the law

and statutes of the State of New York.

5.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

6.   The amount in controversy exceeds, exclusive of interest and costs, the sum or

value of Seventy-Five Thousand ($75,000.00) Dollars.

## JURY DEMAND

7.   Plaintiff demands a trial by jury in this action.

# PARTIES:

8.   Upon information and belief, on March 22, 2011 and at all other relevant

times Plaintiff **TOBIAS MITCHELL, HEREINAFTER "PLAINTIFF**

**MITCHELL,"** was a citizen of the United States and a resident of the City,

County and, State of the Bronx.

9.   Upon information and belief, on March 22, 2011 and at all other relevant

times, the **Defendant THE CITY OF NEW YORK, hereinafter**

**"Defendant NYC"** was and still is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

10.  Upon information and belief, on March 22, 2011 and at all other relevant

times, the Defendant NYC, its agents, servants and employees operated,

maintained and controlled the New York Police Department, including all the police officers thereof.

11.  Upon information and belief, NYPD is responsible for the appointment, training, supervision, promotion and discipline of the police officers and supervisory police officers, including the individually named Defendant herein.

12.  Upon information and belief, on March 22, 2011 and at all other relevant times, Defendant P.O. "John" Rodriquez, Tax ID XXXX58, 40th Pct., was employed by Defendant NYC and NYPD, as a police officer at the 40th Precinct.

13.  Upon information and belief, on October 11, 2011 and at all other relevant times, Defendant PO "John" Maldonado Shield No. 15057, 40th Pct., was employed by Defendant NYC and NYPD, as a police officer as a police officer at the 40th Precinct.

14.  Upon information and belief, on October 11, 2011 and at all other relevant times, Defendant PO "John" Rodriguez, Shield No. 14964, 40th Pct., hereinafter **"Defendant Rodriguez,"** was employed by Defendant NYC and NYPD, as a police officer. He is sued in his individual and official capacities.

15.  Upon information and belief, on December 25, 2011 and at all other relevant times, Defendant PO "John" PO McKenith, Tax ID XXXX83, 40th Pct., hereinafter **"Defendant McKenith,"** was employed by Defendant NYC and NYPD, as a police officer. He is sued in his individual and official capacities.

16.  Upon information and belief, on June 26, 2011, October 11, 2011, December 11, 2011, December 25, 2011 and at all other relevant times, Defendants Sgt. John Doe 1-4, 40th Pct., hereinafter **"Defendants Sgt. Doe 1-4,"** were employed by Defendant NYC and NYPD, as a police officers with the rank of sergeants.  They

3

are sued in their individual and official capacities.

17.  Upon information and belief, on June 26, 2011, December 11, 2011, December 25, 2011, and at all other relevant times, Defendant PO John Doe 1-4, hereinafter "**Defendants PO Doe 1-4**," were employed by Defendant NYC and NYPD, as police officers.  They are sued in their individual and official capacities.

18.  Upon information and belief, that at all times hereinafter mentioned, on June 26, 2011, December 11, 2011, December 25, 2011, and at all other relevant times, Defendant Supervising  Police Officer John Doe 1-4, hereinafter "**Defendant Supervising Doe 1-4**" was employed by Defendant NYC and NYPD, as a police officer.  They are sued in their individual and official capacities.

19.  Upon information and belief, that at all times hereinafter mentioned, on March 22, 2011 and at all other relevant times, Defendant Deputy Inspector Elias J. Nikas, hereinafter "**Defendant Nikas**," was employed by Defendant NYC and NYPD, as a police officer.  He is sued in his individual and official capacities.

20.  **Defendants Sgt. Doe 1-4**, **Defendants PO Doe 1-4, and Defendant Supervising Doe 1-4** were employed by Defendant NYC, as police officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff.  They are sued in their individual and official capacities.

**FACTS:**

21.   Upon information and belief, on March 22, 2011, and at all relevant times, Defendant Rodriguez was working as a police officer within the confines of the 40th Precinct, in the vicinity of 352 Beekman Avenue.

22.   Upon information and belief, on March 22, 2011, and at all relevant times Plaintiff Mitchell was a resident of Bronx County maintaining a residence in the vicinity of 352 Beekman Avenue.

23.   Upon information and belief, on March 22, 2011, and at all relevant times Plaintiff Mitchell was commuting on foot in the vicinity of 352 Beekman Avenue with no criminality afoot.

24.   Upon information and belief, on March 22, 2011, and at all relevant times, Defendant Rodriquez, stopped, searched and seized Plaintiff Mitchell in violation of his constitutional rights.

25.   Upon information and belief, on March 22, 2011, Defendant Rodriguez commandeered Plaintiff Mitchell to the 40th Precinct where Defendant Rodriguez unilaterally subjected Plaintiff Mitchell to a strip-search.

26.   Upon information and belief, on March 22, 2011, Defendant Rodriguez thereafter issued Plaintiff Mitchell Ticket No.4325608229/ Docket No. 2010SN047588, charging him with breach of the law of the State of New York and or City of New York.

27.   Upon information and belief, Ticket No.4325608229/ Docket No. 2010SN047588 was dismissed in favor of Plaintiff Mitchell.

28.   Upon information and belief, on March 31, 2011, and at all relevant times, PO Chad Rowe, Tax ID XXXX37, 40th Precinct, was working as a police officer

within the confines of the 40th Precinct, in the vicinity of 352 Beekman
Avenue.

29. Upon information and belief, on March 31, 2011, and at all relevant times
Plaintiff Mitchell was a resident of Bronx County maintaining a residence in
the vicinity of 352 Beekman Avenue.

30. Upon information and belief, on March 31, 2011, and at all relevant times
Plaintiff Mitchell was commuting on foot in the vicinity of 352 Beekman
Avenue with no criminality afoot.

31. Upon information and belief, on March 31, 2011, and at all relevant times, PO
Chad Rowe, Tax ID XXXX37, stopped, searched and seized Plaintiff Mitchell
in violation of his constitutional rights.

32.  Upon information and belief, on March 31, 2011, PO Chad Rowe, Tax ID
XXXX37 commandeered Plaintiff Mitchell to the 40th Precinct where Tobias
Mitchell subjected Plaintiff Mitchell to a strip-search.

33. Upon information and belief, on March 31, 2011, Tobias Mitchell  thereafter
issued Plaintiff Mitchell Ticket No. 4331377659/ Docket No. 2011SX036953,
charging him with violating  Penal Law § 140.05 (Criminal Trespass).

34. Upon information and belief, on June 9, 2011 Ticket No. 4331377659/ Docket
No. 2011SX036953 was dismissed in favor of Plaintiff Mitchell.

35. Upon information and belief, on June 26, 2011, and at all relevant times,
Defendant Rodriguez Tax ID XXXX68 and Defendant Sgt. Doe 1 were
working as police officers within the confines of the 40th Precinct, in the
vicinity of 352 Beekman Avenue.

36.  Upon information and belief, on June 26, 2011, and at all relevant times Plaintiff Mitchell was a resident of Bronx County maintaining a residence in the vicinity of 352 Beekman Avenue.

37.  Upon information and belief, on June 26, 2011, and at all relevant times Plaintiff Mitchell was commuting on foot in the vicinity of 352 Beekman Avenue with no criminality afoot.

38.  Upon information and belief, on June 26, 2011, and at all relevant times, Defendant Rodriguez Tax ID XXXX68 and Defendant Sgt. Doe 1, stopped, searched and seized Plaintiff Mitchell in violation of his constitutional rights.

39.  Upon information and belief, on June 26, 2011, Defendant Rodriguez Tax ID XXXX68 and Defendant Sgt. Doe 1commandeered Plaintiff Mitchell to the 40th Precinct where Defendant Rodriguez and Defendant Doe 12 subjected Plaintiff Mitchell to a strip-search.

40.  Upon information and belief, on June 26, 2011, Defendant Rodriguez Tax ID XXXX68 and Defendant Sgt. Doe 1 thereafter issued Plaintiff Mitchell Ticket No. 433370029-2/Docket No. 2011SX067838, charging him with violating §240.20(1) of the Penal Law (Disorderly Conduct).

41.  Upon information and belief, Ticket No. 433370029-2/Docket No. 2011SX067838 was dismissed in favor of Plaintiff Mitchell on September 1, 2011.

42.  Upon information and belief, on October 11, 2011, and at all relevant times, Defendant Maldonado and Defendant Rodriguez were working as police

officers within the confines of the 40th Precinct, in the vicinity of 352 Beekman Avenue.

43.   Upon information and belief, on October 11, 2011, and at all relevant times Plaintiff Mitchell was commuting on foot in the vicinity of 352 Beekman Avenue with no criminality afoot.

44.   Upon information and belief, on October 11, 2011, and at all relevant times, Defendant Maldonado and Defendant Rodriguez stopped, searched and seized Plaintiff Mitchell in violation of his constitutional rights.

45.   Upon information and belief, on October 11, 2011 Defendant Maldonado and Defendant Rodriguez commandeered Plaintiff Mitchell to the 40th Precinct where Defendant Rodriguez and Defendant Doe 12 subjected Plaintiff Mitchell to a strip-search.

46.   Upon information and belief, on October 11, 2011, Defendant Maldonado and Defendant Rodriguez thereafter issued Plaintiff Mitchell Ticket No. 433067953-0/Docket No. 2011SX100511,  charging him with violating §240.20(1) of the Penal Law (Disorderly Conduct).

47.   Upon information and belief, Ticket No. 433067953-0/Docket No. 2011SX100511, was dismissed pursuant to CPL 170.50 on December 22, 2011.

48.   Upon information and belief, on December 25, 2011, and at all relevant times, Defendant McKenith and Defendant Sgt. Doe 3 were working as police officers within the confines of the 40th Precinct, in the vicinity of 352 Beekman Avenue.

49.  Upon information and belief, on December 11, 2011, and at all relevant times Plaintiff Mitchell was a resident of Bronx County maintaining a residence in the vicinity of 352 Beekman Avenue.

50.  Upon information and belief, on December 25, 2011, and at all relevant times Plaintiff Mitchell was commuting on foot in the vicinity of 352 Beekman Avenue with no criminality afoot.

51.  Upon information and belief, on December 25, 2011, and at all relevant times, Defendant McKenith and Defendant Sgt. Doe 3 stopped, searched and seized Plaintiff Mitchell in violation of his constitutional rights.

52.   Upon information and belief, on December 25, 2011, Defendant McKenith and Defendant Sgt. Doe 3  commandeered Plaintiff Mitchell to the 40th Precinct where Defendant Rodriguez and Defendant Doe 12 subjected Plaintiff Mitchell to a strip-search.

53.  Upon information and belief, on December 25, 2011, Defendant McKenith and Defendant Sgt. Doe 3  thereafter issued Plaintiff Mitchell Ticket No. 43343357-2/ Docket No. 2012SX016245,  and Ticket No. 433433258-4/ Docket No. 2012SX016247 charging him with violating §10-125(b)V of the NYC Administrative Code and § 240.20(1) of the Penal Law.

54.  Upon information and belief, Ticket No. 43343357-2/ Docket No. 2012SX016245,  and Ticket No. 433433258-4/ Docket No. 2012SX016247 charging him with violating §10-125(b)V of the NYC Administrative Code and § 240.20(1) of the Penal Law were dismissed  in favor of Plaintiff  Mitchell on March 16, 2012.

55. Upon information and belief, at all relevant times Defendant Nikas was the commanding officer of the 40th Precinct

## **PENDANT STATE CLAIMS:**

56. That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages for false arrest and otherwise have been served upon the Comptroller of Defendants THE CITY OF NEW YORK.

57. That pursuant to §50(h) of the General Municipal Law hearings have been held.

58. That this action is not commenced within one year and 90 days after the cause of action arose.

## **I.**

## **AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF MITCHELL: CIVIL RIGHTS ACTION 42 USC §1983**

59. The Plaintiff MITCHELL hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

60. This action arises under the United States Constitution, particularly under provisions of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

61. Each and all of the Defendants' acts alleged herein were done by the Defendants, their agents, servants and employees, and each of them, not as

individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of the Bronx, 40th Precinct and under the authority of their office as police officers of said state, city and county.

62.  That at all relevant times **Plaintiff** Mitchell was lawfully in the vicinity of 352 Beekman Avenue with no criminality afoot before he was stopped, searched and seized by the defendants.

63.  That at all relevant times the defendants were present in the vicinity of 352 Beekman Avenue as part of their regular and official employment as police officers for the Defendants, NYPD and THE CITY OF NEW YORK.

64.  That at all relevant times Defendants convened a meeting and devised an alleged tactical plan for arresting unsuspecting individuals regardless of whether probable cause existed.

65.  That at all relevant times Defendants knew or had reason to know that the alleged tactical plan was in fact an agreement to deprive and violate the Plaintiff MITCHELL's rights .

66.  That at all relevant times the Defendants stopped, searched and seized Plaintiff MITCHELL on a public street.

67.  That at all relevant times the Defendants removed Plaintiff MITCHELL to the 40th Precinct.

68.   That at all relevant times, the Defendants while at the 40th Precinct  falsified reports that the Plaintiff had breached the Penal Law of the State of New York or the Administrative Code of the City of New York.

69. That the Defendants, without probable cause, reasonable suspicion or other legal reasons, nonetheless proceeded to arrest Plaintiff Mitchell.

70. That the Defendants, thereafter proceeded to prosecute Plaintiff Mitchell.

71. That as a consequence of the Defendants conscious acts and deliberate omissions, Plaintiff Mitchell was arraigned and made to answer the above charges before the honorable Criminal Court of the City of New York, Bronx County.

72. That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the false charges being leveled against him, Plaintiff Mitchell was unlawfully imprisoned.

73. That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the false arrest, false charges and unlawful imprisonment, the Plaintiff was maliciously prosecuted.

74. That as a consequence of the Defendants' conscious acts and deliberate omissions, the Plaintiff was deprived of his right against unreasonable search of his person.

75. That at all times hereinafter mentioned, the Defendant police officers and each of them, separately, and in concert acted under color and pretense of law, to wit: engaged in the illegal conduct here mentioned to the injury of the Plaintiff MITCHELL and deprived him of the rights, privileges and immunities secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

76.   The conduct of the Defendants, agents, servants, and employees, and each of them, deprived the Plaintiff of the rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York:

77.   That the aforesaid actions and omissions violations violated 42 U.S.C. §1983 because the Defendants, who tacitly and implicitly agreed to enter into a nefarious scheme, wrongfully deprived and compelled the Plaintiff to abandon his rights and privileges as provided to him under the Constitution of the United States of America, the Constitution of the State of New York, and laws thereto.

78.   That by reason of the aforesaid violations, the Defendants, their agents, servants, and employees acted as persons under color of any statute, ordinance, regulation, custom or usage of the City of New York.

That by reason of and as wrongful conduct of the Defendants, the Plaintiff has been damaged.

## II.
## AS AND FOR A SECOND CAUSE OF ACTION:
## ATTORNEY FEES 42 U.S.C. §1988

79.   The Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein as if fully set forth herein and Plaintiff further alleges:

80.   That in the event this Court or jury determines that the Plaintiff' civil rights have been violated under 42 U.S.C. §§1981, 1983, 1985(3) and they are victorious upon a related claim herein, they demand attorney fees to compensate their attorney for his time, expenses, disbursements, and efforts in prosecuting their  claim.

81.     That the Plaintiff are entitled to and hereby makes claim for the recovery of
        reasonable attorney's fees incurred as a result of prosecuting their claim against
        the individually named police officer pursuant to 42 U.S.C. §1988.

## III.
## AS AND FOR A THIRD CAUSE OF ACTION:
## PUNITIVE DAMAGES AGAINST POLICE OFFICER
## RODRIGUEZ and EACH INDIVIDUALLY NAMED
## <u>DEFENDANT</u>

82. The Plaintiff MITCHELL hereby repeats, reiterates and re-alleges each and every
    allegation contained herein with the same force and effect as if more fully and
    at length set forth herein.

83. That the Plaintiff MITCHELL seek punitive damages against each and every
    individually named Defendants including but limited to Police Officer
    Rodriguez.

84. That the Plaintiff seeks punitive damages against each individually name officer
    to deter not only these Defendant police officers but other like-minded
    individual police officers from engaging in future similar conduct of falsely
    arresting and maliciously prosecuting innocent individuals who have not
    engaged in criminal activities or broken the law.

85. That punitive damages is warranted under the facts and circumstance of this case
    because Defendants  acted with deliberate, premeditated and specific intent as
    part of a policy to deprive the Plaintiff of his rights, knowing that such
    Plaintiff had not broken any laws.

86. That upon information and belief had these Defendants police officers acting in
    concert done a proper investigation into the allegation as leveled against the

Plaintiff, and exercised duty without prejudice, disdain, contempt  or other impermissible grounds such as the Plaintiff's race or social status, they would not have stopped, seized, arrested, and maliciously prosecuted the Plaintiff without probable cause or reasonable suspicion.

87. That by reason of the above false arrest, malicious prosecution and violation of Plaintiff' constitutional rights, Plaintiff demands **THIRTY MILLION ($30,000,000,000) DOLLARS** from said individually named defendants to deter future similar outrageous and illegal conduct as happened herein.

88. That by reason of the aforesaid violations, the Plaintiff request the following relief:

**a)** Compensatory damages in the sum of Thirty Million($30,000,000.00) DOLLARS for each cause of action;

**b)** Punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS for each cause of action.

**c)** An award of reasonable attorney's fees, costs and disbursements;

**d)** Plaintiff requests a trial by jury of all issues involved in this complaint;

**e)** Such other and further relief as this Court may deem just and proper under the circumstances.

## IV.

### AS AND FOR A FOURTH CAUSE OF ACTION: *FALSE ARREST/FALSE IMPRISONMENT*

89. The Plaintiff Mitchell hereby repeats, reiterates and re-alleges each and every allegation contained herein as though fully plead and re-alleged in their entirety below.

90. That at all relevant times, by the Defendants was falsely imprisoned  Plaintiff Mitchell  without any rights or grounds, probable cause or reasonable suspicion herein resulting in deprivation of the rights Constitution of the United States of America and the Constitution of the State of New York.

91. That at all relevant times, by the Defendants was falsely arrested  Plaintiff Mitchell without any rights or grounds, probable cause or reasonable suspicion herein resulting in deprivation of the rights Constitution of the United States of America and the Constitution of the State of New York.

92.  At all times Plaintiff Mitchell had not consented to being confined by the Defendants.

93.  At all times the Plaintiff Mitchell was conscious of his restraint, loss of liberty and abduction.

94.  At all times Plaintiff Mitchell was made to feel fearful, intimidated, demoralized and powerless by the Defendants..

That by reason of the aforesaid, Plaintiff Mitchell have been damaged.

## V.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: <u>NEGLIGENCE IN TRAINING AND SUPERVISING</u>

95. Plaintiff Mitchell, hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

96. That the Defendant NYC and the NYPD, their agents, servants and employees, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named Defendants.

97. That the Defendant NYC and the NYPD, their agents, servants and employees failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent police officers.

98. That the Defendant NYC and the NYPD, their agents, servants and employees failed to give their employees  proper instruction as to their deportment, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

99. That the aforesaid occurrence, to wit the false arrest, malicious prosecution and negligence of hiring resulting in injuries therefrom, were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of Plaintiff Mitchell.

100. That by reason of the aforesaid Plaintiff Mitchell was injured because of the false charges.

That by reason of the aforesaid, the Plaintiff Mitchell has been damaged.

# VI.
## AS AND FOR SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: CIVIL RIGHTS ACTION 42 USC §1985

101.  Plaintiff Mitchell hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

102.  That all relevant times, the Defendant entered into an actual or tacit agreement to deprive Plaintiff Mitchell of his constitutional rights and civil rights.

103.  That  at all relevant times the Defendants  entered into said agreement for the express purpose of depriving Plaintiff Mitchell of equal protection of the law, equal privileges and immunities under the law, due process of law under the Fourth, Fifth, Sixth and Fourteenth Amendments to the united States Constitution.

104.   That at all relevant times, in furtherance of the said conspiracy, the Defendants did in fact manufacture and falsify evidence against Plaintiff Mitchell resulting in damage to Plaintiff Mitchell.

105.  That at all relevant times, in furtherance of the said conspiracy to cover-up the said false arrest, did maliciously prosecute Plaintiff Mitchell.

106.  That at all relevant times, the Defendants, as a ruse to cover up their acts and omissions, disregarded Plaintiff Mitchell's obvious innocence.

107.  That at all relevant times the Defendants furthered the goals of the aforementioned policy, practice and custom to pad their number of arrest and to meet a quota system initiated and maintained by the 40th Precinct.

108.  That at all relevant times the Defendants' acts and omissions were motivated by Plaintiff Mitchell's race, ethnicity and social status.

109.  That the aforesaid unlawful stop, search, seizure, deprivation, deliberate indifference, detentions and prosecution of Plaintiff by the Defendants, deprived Plaintiff Mitchell of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, in that the Defendants falsely imprisoned the Plaintiff and conspired to cover up their acts and omissions, and otherwise violated Plaintiff without any conduct on the part of the Plaintiff to so warrant.

By reason of the aforesaid, Plaintiff has been damaged.

# VII.

## AS AND FOR SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *DENIAL OF SUBSTANTIVE DUE PROCESS*

110.    The Plaintiff Mitchell, hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

111.    At all relevant times the Defendants created false evidence against Plaintiff.

112.    At all relevant times the Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's Office.

113.    At all relevant times in creating false evidence against Plaintiff, and in forwarding false evidence to prosecutors, the Defendants violated Plaintiff right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

114.     As a direct and proximate result of this unlawful conduct, Plaintiff

sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff MITCHELL has been damaged.

# VIII.
## AS AND FOR EIGHTH CAUSE OF ACTION ON BEHALF OF
## PLAINTIFF: *MALICIOUS ABUSE OF PROCESS*

115.     Plaintiff Mitchell, hereby repeats, reiterates and re-alleges each and every

allegation contained herein with the same force and effect as if more fully and

at length set forth herein.

116.     The Defendants issued legal process to place seize Plaintiff.

117.     Defendants seized Plaintiff in order to obtain collateral objectives outside

the legitimate ends of the legal process, to wit, to suppress his right to free

speech, to obtain more arrests, to obtain more indictments, to obtain more

convictions, to obtain overtime pay, and to obtain promotions within their

respective agencies, among other things.

118.     The Defendants acted with intent to do harm to Plaintiff without excuse or

justification.

119.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained

the damages herein alleged.

That by reason of the aforesaid, the Plaintiff MITCHELL, has been damaged.

# IX.

# AS AND FOR A NINETH CAUSE OF ACTION:
# MALICIOUS PROSECUTION

120.    Plaintiff Mitchell, hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

121.    That at all relevant times, the Defendant City of New York and their agents, their agents, servants and employees wrongfully and falsely arrested, and detained Plaintiff Mitchell, without any right or grounds in the County of Bronx, City and State of New York, the 40th Precinct in a detention cell.

122.    That all relevant times, the Defendant City of New York and their agents, their agents, servants and employees maliciously prosecuted and detained the Plaintiff without just right or grounds therefore.

123.    That the Plaintiff was and is wholly innocent, and was forced by the Defendants to unnecessarily submit to Court proceedings.

124.    That the Defendants, their agents, servants, and employees acting in the performance of their employment and within the scope of their authority, testified falsely and upon information and belief withheld vital information before a Judge of the Criminal Court of the City of New York and/or sworn to Affidavits or in other such writings submitted to the Criminal Court which Defendants knew or should have known were false.

125.    That the said prosecution and criminal charges and hearings were instituted and procured by the Defendants, their agents, servants, and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore.

126.  That the commencement and/or continuation of the criminal proceedings by the Defendants against the Plaintiff was without probable cause, with actual malice and was terminated in favor of the Plaintiff.

127.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff Mitchell has been damaged.


# X.

## AS AND FOR TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *FAILURE TO INTERVENE*

128.  Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

129.  Those individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct; observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

130.  Accordingly, the individual Defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

131.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff Mitchell, has been damaged.

# XI.

## AS AND FOR ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *EQUAL PROTECTION CLAUSE, 42 U.S.C. § 1983*

132.  Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

133.  The Defendants' conduct was tantamount to discrimination against Plaintiff based on his ethnicity.

134.  Other individuals who are not African-American are not targeted and falsely imprisoned/arrested; conspired against; subjected to excessive force, among other things.

135.  This disparate treatment caused Plaintiff to damage and deprivation.

136.  As a result of the foregoing, Plaintiff was deprived of his rights under the Equal Protection Clause of the Constitution of the United States, and is thereby entitled to damages.

That by reason of the aforesaid, the Plaintiff Mitchell has been damaged.

# XII.

## AS AND FOR A TWELFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: NEGLIGENCE IN HIRING AND RETAINING

137.  Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

138.  That the Defendant City of New York was careless and reckless in hiring and retaining as and for its employees the named and unnamed defendants.

139.  That the Defendant City of New York knew or had reason to know that the named and unnamed defendants lacked the experience, deportment and ability to be employed by Defendant City of New York.

140.  That the Defendant City of New York failed to exercise due care and caution in its hiring practices, and in particular, in hiring the individually named Defendant employees who lacked the mental capacity and the ability to function as employees of the Defendant City of New York.

141.  That Defendant City of New York failed to investigate named and unnamed defendants employees' background and in that they hired and retained as employees of the NYPD individuals whose backgrounds contained information, based on information and belief,  that revealed that they lacked the maturity, sensibility and intelligence to be employed by the Defendant NYC.

142.  That Defendant City of New York knew or had reason to know that named and unnamed defendants employees lacked the minimum and requisite ability, experience, deportment and maturity when they hired him as an employees

143.  That Defendant City of New York their agents, servants and employees were otherwise careless, negligent and reckless.

144.  That the aforesaid occurrence, to wit the false arrest, malicious prosecution and negligence in hiring resulting in injuries therefrom, were caused wholly and solely by reason of the negligence of the City Of New York, its agents, servants and employees without any negligence on the part of the Plaintiff.

24

145.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages herein alleged.

That by reason of the aforesaid, the Plaintiff Mitchell has been damaged.

# XIII.

## AS AND FOR THIRTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983*

146.  Plaintiff hereby repeats, reiterates and re-alleges each and every allegation

contained herein in with the same force and effect as if more fully and at

length set forth herein.

147.  Defendant Supervising Doe personally caused Plaintiff's constitutional

injuries by being deliberately or consciously indifferent to the rights of others

in failing to properly supervise his subordinate employees regarding the

adequate and proper investigation of the underlying facts that preceded

Plaintiff's arrest, and by approving Plaintiff's arrest despite the availability of

exculpatory evidence and/or the lack of probable cause.

148.  Defendant Supervising Doe personally caused Plaintiff's constitutional

injuries by being deliberately or consciously indifferent to the rights of others

in failing to properly supervise their subordinate employees regarding the

adequate and proper marshaling of evidence.

149.  Defendant Supervising Doe personally caused Plaintiff's constitutional

injuries by being deliberately or consciously indifferent to the rights of others

in failing to properly supervise his/her subordinate employees regarding the

adequate and proper grounds for arresting Plaintiff MITCHELL, despite no legal basis for doing so.

150. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

That by reason of the aforesaid, the Plaintiff MITCHELL, has been damaged.

## XIV.

## AS AND FOR FOURTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *MONELL*

151. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

152. This is not an isolated incident. Defendant NYC, and the 40th Precinct in particular, through its policies, customs, and practices, directly caused the constitutional violations suffered by Plaintiff. Defendant NYC and Nikas, through the NYPD, have had, and still have, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

153. Defendant NYC, and the 40th Precinct in particular, have a de fact quota policy that encourages unlawful arrests, the fabrication of evidence, and perjury.

154. Defendant NYC, and the 40th Precinct in particular, have a de facto overtime policy that encourages and incentivizes false arrests, the fabrication of evidence, and perjury.

155.   Defendant NYC, and the 40th Precinct in particular, have a de facto employee promotion policies that encourages negligent investigations; the fabrication of evidence; perjury; and improper manipulation of prosecutors.

156.   Defendant NYC, and the 40th Precinct in particular, have de facto policies that encourage competition among employees.  These policies encourage negligent investigations; the fabrication of evidence; perjury; and improper manipulation of prosecutors.

157.   Defendant NYC, and the 40th Precinct in particular, have had, and still have, a de facto policies that encourage mass stop, searches and seizures of African-American living in targeted precincts.

158.   Defendant NYC, at all relevant times, were aware that the individual Defendants routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

159.   Defendant NYC, at all relevant times, was aware that the individual Defendant are unfit officers and employees who have previously committed the acts alleged herein  and/or have a propensity for unconstitutional conduct.

160.   These policies, practices, and customs were the moving force behind Plaintiff injuries.

161.   Defendant NYC, through a policy, practice and custom, directly caused the constitutional violations suffered by Plaintiff.

162.   Upon information and belief, Defendant NYC, at all relevant times, was aware that the defendants are unfit officers who have previously committed the

27

acts alleged herein have a propensity for unconstitutional conduct, or have been inadequately trained.

163. Nevertheless, Defendant NYC exercised deliberate indifference by failing to take remedial action.

164. Defendant NYC failed to properly train, retrains, supervises, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

165. In addition, the following are City policies, practices and customs:

   (a)   Arresting innocent individuals, based on a pretext, in order to meet productivity goals;

   (b)   Fabricating evidence against individuals;

   (c)   Using and threatening the use of excessive force on individuals;

   (d)   Retaliating against individuals who engage in free speech.

   (e)   Performing baseless strip-searches on individual for minor offenses as a matter of course, and

   (f)   Performing baseless body-cavity searches on individual for minor offenses as a matter of course

That by reason of the aforesaid, the Plaintiff Mitchell, has been damaged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

    (a)     Compensatory damages against all Defendant, jointly and severally;

    (b)     Punitive damages against the individual Defendant, jointly and severally;

    (c)     Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

    (d)     Such other and further relief as this Court deems just and proper

Dated:  New York, New York
The    7th day of November 2014

                        _D. Andrew Marshall_ #dm1126
                        D. Andrew Marshall, Esq.
                        Attorney for the PLAINTIFF
                        225 Broadway, Suite 1804
                        New York, New York 10007
                        (212) 571-3030 (office)
                        (212) 587-0570 (facsimile)